IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**EUNICE HUSBAND,**

        **Plaintiff,**

**v.**                                                                            **Civil Action No. 2:09cv106**
                                                                                    **(Judge Maxwell)**

**J. C. RAFFETY AND THE UNITED
STATES MARSHAL SERVICE
FOR THE NORTHERN DISTRICT
OF WEST VIRGINIA,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* plaintiff initiated this case pursuant to a civil rights complaint filed on August 31, 2009. On September 1, 2009, the plaintiff was granted permission to proceed as a pauper and assessed an initial partial filing fee of $3.34. The plaintiff paid the initial partial filing fee on November 9, 2009. Therefore, this case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.02, et seq., and 28 U.S.C. §§ 1915(e) and 1915A.

### II. The Complaint

In the complaint, the plaintiff asserts that on December 5, 2008, during the pendency of his criminal proceedings before this Court, he was removed from the Tygart Valley Regional Jail in West Virginia, and transferred to the Washington County Jail in Marietta, Ohio. At the time, the plaintiff was representing himself in his federal criminal proceedings.

As the basis for his complaint, the plaintiff asserts that the Washington County Jail did not

have an adequate law library. Specifically, the plaintiff asserts that the Washington County Jail possessed only the United States Code, Title 18 and that these materials did not meet his needs in preparing for his criminal proceedings. Instead, the plaintiff contends that he needed a "far broader range of federal legal materials" to properly prepare his case.

Because these materials were available to the plaintiff in the West Virginia Regional Jail system, he requested the Marshal Service transfer him back to a West Virginia Regional Jail. However, the plaintiff's request was denied. In so denying, the Marshal Service informed the plaintiff that due to his severe misconduct, the West Virginia Regional Jail Authority would not accept him. In fact, the plaintiff was advised that at least four regional jails had demanded his removal prior to his placement in Ohio. The plaintiff asserts that the Marshal Service's failure to return him to the West Virginia Regional Jail Authority constitutes an obstruction of justice because he was unable to properly prepare for his federal criminal proceedings. As relief, the plaintiff demands $25,000,000 in monetary damages from Marshal J. C. Raffety and $50,000,000 in monetary damages from the United States Marshal Service.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### IV. Analysis

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Here, the plaintiff clearly attempts to collaterally attack his criminal conviction and sentence through a civil suit. Indeed, a decision favorable to the plaintiff in this case would necessarily imply the invalidity of his conviction and sentence. However, the plaintiff has failed to show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of

---

[1] Id. at 327.

success on the merits of his claims and this case is due to be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint (Dckt. 1) be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. The failure to timely file objections as set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: November 10, 2009.

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE